1  **LAW OFFICES OF SOHNEN & KELLY**
   **HARVEY SOHNEN, SBN 62850**
2  **PATRICIA M. KELLY, SBN 99837**
3  2 Theatre Square, Suite 230
   Orinda, CA 94563-3346
4  Telephone:  (925) 258-9300
   Facsimile:  (925) 258-9315
5  hsohnen@sohnenandkelly.com
   pkelly@sohnenandkelly.com
6
7  Attorneys for Plaintiff PEDRO ACERO,
   individually, and on behalf of all others
8  similarly situated

9                       UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  PEDRO ACERO, individually, and on behalf of all others similarly situated,<br><br>13<br><br>14               Plaintiff,<br><br>15  vs.<br><br>16<br>STATE COMPENSATION INSURANCE<br>17  FUND,<br><br>18               Defendant.<br>19 | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>CLASS ACTION AND<br>FLSA COLLECTIVE ACTION<br><br>   1.  FLSA Overtime Pay<br>   2.  California Unfair Competition Law<br>   3.  California Labor Code §§ 201-203<br><br>**JURY TRIAL DEMANDED** |

20          PEDRO ACERO ("Plaintiff"), on behalf of himself and acting for the interests of other

21  current and former employees, alleges as follows:

22                                **INTRODUCTION**

23          1.      This is a Fair Labor Standards Act (FLSA) collective action for failure to pay

24  overtime wages required under the FLSA, with respect to off-the-clock work, as more fully set

25  forth below.

26          2.      This is also a class action by and on behalf of employees and former employees for,

27  among other things, (a) violation of their federal rights to overtime pay, including being made to

28  work off-the-clock, causing them to be paid nothing at all for substantial amounts of work; and (b)

violation of their state law rights to timely payment of all wages due at time of discharge or resignation. This class action also seeks relief for the overtime compensation violations under the California Unfair Competition Law, California Business and Professions Code sections 17200 *et seq.*

3. The allegations in this Complaint are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. All rights to plead in the alternative are reserved.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. section 1331 because this case is brought, in part, under the Fair Labor Standards Act, 29 U.S.C. sections 201, *et seq.* This Court has supplemental jurisdiction over the state law claims. The state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district, including Defendant's operations and primary place of business in the County of San Francisco (California Insurance Code section 11781). Venue is proper in this district also because there is personal jurisdiction in this district over Defendant. At all relevant times, Defendant has conducted substantial, continuous and systematic commercial activities in this district.

## PARTIES

6. Defendant State Compensation Insurance Fund is an entity established by the California Legislature under its "plenary power, unlimited by any provision of this Constitution, to create, and enforce a complete system of workers' compensation, by appropriate legislation. . . ." (Cal. Const. Art. 14 § 4.) Division 2, Part 3, Chapter 4 of the California Insurance Code, commencing with Insurance Code section 11770, establishes Defendant State Compensation Insurance Fund and provides for its operation and funding, and has its principal place of business in the County of San Francisco pursuant to Insurance Code section 11781. It is not a municipal corporation, other corporation, or an entity exercising a governmental function. Rather, it is a non-

1  profit public enterprise fund that operates like a mutual insurance carrier and engages in proprietary
2  activities. At all pertinent times, it has employed Class Members in positions of loss control
3  representative, loss control consultant, marketing representative, senior loss control representative,
4  senior loss control consultant and senior marketing representative within the State of California.

5      7.    Plaintiff PEDRO ACERO is a Class Member and a former employee of Defendant
6  who was, from prior to 2010 until on or about April 25, 2014, employed by Defendant as a loss
7  control consultant and loss control representative based in Oxnard and then subsequently in
8  Camarillo, California. His final rate of pay was approximately $31.17 per hour, with a
9  corresponding premium hourly rate for overtime of $46.75.

10      8.    Plaintiff is filing herewith an FLSA Consent Form as required by 29 U.S.C. sections
11  216(b) and 256, which is incorporated by reference as if fully set forth.

12      9.    The California law claims for relief are brought on behalf of the class of all persons
13  similarly situated, who are further specified in the class definition below.  This action is brought
14  and may properly be maintained as a class action pursuant to Fed. Rule of Civ. Proced. 23(a) and
15  23(b)(3).

16      10.    The proposed class, sometimes referred to herein as the "Class Members," or the
17  "Class," is presently defined as follows:

18      **Rule 23 Class Definition**
19      All persons who, on or after four years before the filing of this Action have been,
20      are, or in the future will be, employed in California by Defendant in positions of
21      loss control representative, loss control consultant, marketing representative, senior
22      loss control representative, senior loss control consultant or senior marketing
23      representative.

24      11.    There is a well-defined community of interest in the litigation and the proposed
25  Class is easily ascertainable, as alleged more specifically below.

26      12.    **Numerosity:** The Class is so numerous that individual joinder of all Class Members
27  is impracticable. Plaintiff estimate the Class consists of several hundred people.

28

-3-
COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF; CLASS ACTION AND FLSA COLLECTIVE ACTION

13. **Ascertainability:** The Class Members are specific people whose identities can easily be ascertained from Defendant's employment and payroll records.

14. **Common Questions Predominate**: Common questions of law and fact exist as to all Class Members, and predominate over any questions that affect only individual Class Members. The common questions of law and fact include, but are not limited to:

    a. What were Defendant's policies and/or practices for paying overtime compensation for overtime work?

    b. Did Defendant have and implement a policy and/or practice whereby Defendant required the Class Members to work off-the-clock, i.e. while their work time was not being recorded?

    c. Did Defendant have and implement a policy and/or practice whereby Defendant failed to maintain records of the Class Members' regular rate of pay for any week when overtime is worked, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time earnings, and total overtime compensation for the workweek, as required by the FLSA?

    d. What were Defendant's policies and/or practices for determining the regular rate of pay for purposes of calculation of overtime rates?

    e. Did Defendant have and implement a policy and/or practice whereby Defendant failed to pay its hourly employees for overtime work at the legally required overtime rate, namely time and a half their regular rates?

    f. Do Defendant's policies and/or practices with regard to overtime wages constitute or result in a violation of the FLSA?

    g. Do Defendant's policies and/or practices with regard to overtime wages constitute or result in unfair business practices by Defendant within the meaning of the California Unfair Competition Law, California Busn. & Prof. Code sections 17200, *et seq*?

    h. Is Defendant liable to the Class Members for restitution and/or injunctive relief under the California Unfair Competition Law, California Busn. & Prof. Code section 17203?

-4-
COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF; CLASS ACTION AND FLSA COLLECTIVE ACTION

i. Did Defendant have and implement a policy and/or practice whereby Defendant failed to timely pay all overtime wages due at time of termination?

j. Are Plaintiff and Class Members entitled to injunctive relief under 29 U.S.C. § 216(a).

k. Are Plaintiff and Class Members entitled to injunctive relief regarding Defendant's failure to maintain records of the Class Members' regular rate of pay for any week when overtime is worked, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time earnings, and total overtime compensation for the workweek?

15. **Typicality**: Plaintiff's claims are typical of, or the same as, the claims of the Class Members. Plaintiff and other Class Members sustained losses, injuries and damages arising out of Defendant's common policies and/or practices and violations of law referred to in each claim for relief, which were applied to the other Class Members and Plaintiff. Plaintiff seeks recovery for the same types of losses, injuries, and damages as were suffered by the other Class Members.

16. **Adequacy**: Plaintiff is able fairly and adequately to protect the interests of all Class Members. The attorneys for Plaintiff and the prospective Class are qualified, competent and very experienced in class action litigation, particularly class actions for violations of laws governing wages and hours. Plaintiff is not disqualified by any interests antagonistic to the remainder of the Class.

17. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation

and claims would be very substantial, and substantially more than if the claims are treated as a class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results. The issues in this action can be decided by means of common, classwide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. **Public Policy Considerations**: Defendant and other employers throughout California violate wage and hour laws. Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims because doing so can harm their employment and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while reducing these risks.

19. During the period of time applicable to this claim for relief, Plaintiff and the other Class Members very frequently worked, and other Class Members continue to work, more than forty (40) hours per workweek.

20. During the period of time applicable to this claim for relief, Defendant did not pay Plaintiff or the other Class Members and continues to not pay other currently employed Class Members at the required overtime rates for the work described in the preceding paragraph, and frequently failed to pay them at all for their overtime hours.

21. During the period of time applicable to this claim for relief, Defendant did not maintain records of the Class Members' regular rate of pay for any week when overtime is worked, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time earnings, and total overtime compensation for the workweek.

22. During the period of time applicable to this claim for relief, Defendant did not timely pay compensation, including unpaid overtime pay at the proper rate for all hours worked, at time of termination of employment.

# FIRST CLAIM FOR RELIEF
(FLSA Overtime Pay)

23. Plaintiff incorporates paragraphs 1 through 22 by reference as if fully set forth.

24. Plaintiff brings this Claim for Relief, for violations of the FLSA, as a collective action pursuant to FLSA section 16(b), 29 U.S.C. section 216(b), on behalf of all persons similarly situated, referred to as Class Members, further specified as follows:

## FLSA Class Definition

All persons who, on or after three years before the filing of this Action have been, are, or in the future will be, employed in California by Defendant in positions of loss control representative, loss control consultant, marketing representative, senior loss control representative, senior loss control consultant or senior marketing representative.

25. At all relevant times, Plaintiff and the other Class Members employed as loss control representatives, loss control consultants, marketing representatives, senior loss control representatives, senior loss control consultants or senior marketing representatives have been and are similarly situated. Among other things, they have had substantially similar working conditions, involving substantial work in the field, and pay provisions. At all relevant times, Plaintiff and the other Class Members are and have been subjected to Defendant's common policies and/or practices of willfully failing and refusing to pay them at the legally required overtime (time-and-a-half) rates for work in excess forty (40) hours per week, frequently not paying at all for the overtime hours and failing to maintain records of the Class Members' regular rate of pay for any week when overtime is worked, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time earnings, and total overtime compensation for the workweek, as required by the FLSA. The claims of Plaintiff stated herein are similar to or the same as those of the other Class Members.

26. This Claim for Relief is properly brought and maintained as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. section 216(b). The Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the Class Members via first class mail to the address last known to Defendant.

27. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "commerce" within the meaning of the FLSA. At all relevant times, Defendant has employed, and continues to employ, the Class Members as "employee[s]" within the meaning of the FLSA. At all relevant times, Defendant has had gross operating revenues of more than $500,000. Defendant is not entitled to immunity under the Eleventh Amendment to the U.S. Constitution.

28. During the relevant times, Plaintiff and the other Class Members regularly worked more than forty (40) hours per workweek, and other Class Members continue to do so.

29. At all relevant times, Defendant has had, and continues to have, common policies and/or practices of willfully failing and refusing to pay the Class Members at time and a half their regular rates for work of more than forty (40) hours per week.

30. At all relevant times, Defendant has had, and continues to have, common policies and/or practices of willfully failing and refusing to pay the Class Members anything at all for substantial amounts of overtime work, in whole or in part as a result of working off-the-clock.

31. At all relevant times, Defendant has had, and continues to have, common policies and/or practices of willfully failing and refusing to maintain records of the Class Members' regular rate of pay for any week when overtime is worked, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time earnings, and total overtime compensation for the workweek.

32. Defendant, by a policy and practice applicable to the class, suffered and permitted Plaintiff and the Class Members to work the overtime for which a remedy is sought herein, by the following actions and knowledge:

        a.       By increasing numerical expectations of Class Members including as regards number of clients visited, and concurrently decreasing support staff;

        b.       By using reports, such as the Loss Control Weekly Reports and/or Loss Control Representative Activity Log, that it knew did not contain information as to all hours worked;

        c.       By having actual knowledge that Class Members worked in excess of forty hours per week, as reflected by company records routinely seen or available to supervisors, including but not limited to, emails copied to supervisors showing the date and time of the email, mobile phone bills for the mobile phone numbers uniquely assigned to Class Members showing dates and times of business phone calls, records showing the upload of reports to Defendant's "LCAM System",  and log in and log out records on personal and/or Defendant's laptops; and

        d.       Class Member complaints to the employer they could not handle the increased workload within a 40 hour workweek, which complaints were sometimes responded to by management with a threat of termination or other disciplinary action if the Class Member did not complete all of his or her work.

33.       Plaintiff worked an estimated amount of at least 23 hours of overtime in 2011, 129 hours in 2012, 89 hours in 2013, and 11 hours in 2014, for which he has not been compensated at the statutory overtime rate. His total overtime pay claim, reflecting premium pay from 2011 to June 30, 2013 of $45.42 per hour, and from July 1, 2013 through 2014 of $46.75 per hour, is approximately $11,522.00.

34.       Plaintiff will seek leave of court to amend according to proof at time of trial to state the amount of overtime hours and pay when same is fully ascertained.

35.       Plaintiff and the other Class Members are entitled to be paid the unpaid FLSA overtime pay.

36.       Defendant's failure to pay wages as alleged in this claim for relief was and continues to be willful within the meaning of the FLSA.  Plaintiff and the other Class Members are entitled to an additional equal amount of liquidated damages as provided by the FLSA for the overtime pay violations alleged herein.

37. Plaintiff, on behalf of himself and similarly situated loss control representatives, loss control consultants, marketing representatives, senior loss control representatives, senior loss control consultants and senior marketing representatives, requests relief as described below.

## SECOND CLAIM FOR RELIEF
**(F.R.Civ.P. Rule 23 Class Action Claim for Relief for Violation of the California Unfair Competition Law, Business and Professions Code sections 17200, *et seq.*)**

38. Plaintiff incorporates paragraphs 1 through 37 by reference as if fully set forth.

39. The conduct of Defendant alleged above constitutes unlawful and unfair business practices and therefore unfair competition within the meaning of the California Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.*, because the conduct is in violation of law, and because it is unfair and fraudulent within the meaning of the Unfair Competition Law.

40. As a result of Defendant's unfair competition as alleged herein, Plaintiff and the other Class Members suffered injury in fact and lost money and property. Plaintiff and the other Class Members have not been paid the money owed to them as alleged above, and Defendant has retained the money.

41. Pursuant to California Business and Professions Code section 17203, Plaintiff and the other Class Members are entitled to restitution of all said money, and interest thereon, that Defendant failed to pay them and wrongfully retained.

42. Enforcement of statutory provisions enacted to protect workers and to ensure proper, prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in enforcement of important rights affecting the public interest and will confer a significant benefit upon the public. Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement.

43. If Plaintiff succeeds in enforcing these rights affecting the public interest, then Plaintiff is entitled to an award of attorney's fees against Defendant under California Code of Civil Procedure section 1021.5 because:

      a.     A successful outcome in this action will result in enforcement of important rights affecting the public interest by requiring Defendant to comply with wage and hour laws and California's unfair business practice law;

      b.     This action will result in a significant benefit to Plaintiff, Class Members, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendant;

      c.     Unless this action is prosecuted, Class Members will not recover those monies, and many of Defendant's employees would not be aware that they were victimized by Defendant's wrongful acts and practices;

      d.     Unless this action is prosecuted, Defendant will continue to mislead employees about the true nature of their rights and remedies under the wage and hour laws; and

      e.     An award of attorney's fees is necessary for the prosecution of this action and will result in a benefit to Plaintiff, Class Members, and to consumers in general by preventing Defendant from continuing to circumvent the wage and hour laws, which are matters of public concern, designed to provide minimum guarantees to workers, and are essential to public welfare.

44.     Plaintiff, on behalf of himself and similarly situated loss control representatives, loss control consultants, marketing representatives, senior loss control representatives, senior loss control consultants and senior marketing representatives, requests relief as described below.

### THIRD CLAIM FOR RELIEF
**(Waiting Time Penalties)**
**(Labor Code Sections 201, 202, & 203)**

45.     Plaintiff incorporates paragraphs 1 through 44 by reference as if fully set forth.

46.     California Labor Code section 201 requires an employer who discharges a California employee to pay all compensation due and owing to that employee immediately upon discharge.

47.     California Labor Code section 202 requires an employer to pay all compensation due and owing to a California employee who quits within 72 hours of that employee's quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

48.     California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or quitting, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days. The specific amount owing for penalties as to Plaintiff individually is approximately $7,479.00.

49.     Defendant willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay at the proper rate for all hours worked, to Plaintiff and similarly situated loss control representatives, loss control consultants, marketing representatives, senior loss control representatives, senior loss control consultants and senior marketing representatives, at time of discharge or quitting.  As a result, Defendant is liable to Plaintiff and similarly situated loss control representatives, loss control consultants, marketing representatives, senior loss control representatives, senior loss control consultants and senior marketing representatives for waiting time penalties under California Labor Code section 203.

50.     Plaintiff, on behalf of himself and similarly situated loss control representatives, loss control consultants, marketing representatives, senior loss control representatives, senior loss control consultants and senior marketing representatives, requests relief as described below.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant for himself and all others on whose behalf this suit is brought as follows:

A.     For such general, special and liquidated damages and penalties as may be appropriate, including all damages and penalties alleged above.

B.     For unpaid wages at overtime rates for all overtime work required by the FLSA.

C.     For permanent injunctive relief under 29 U.S.C. section 216(a) enjoining Defendant's policies and/or practices of failing and refusing to pay Class Members at the legally required overtime (time-and-a-half) rates for work in excess forty (40) hours per week.

D.     For restitution as described in the claim for relief under California Business & Prof. Code sections 17200, *et seq.*, above.

1  E. For permanent injunctive and declaratory relief described in the claim for relief
2  under California Business & Prof. Code sections 17200, *et seq.*, above.
3  F. For permanent injunctive relief enjoining Defendant's policies and/or practices of
4  failing and refusing to maintain records of the Class Members' regular rate of pay for any week
5  when overtime is worked, hours worked each workday and total hours worked each workweek,
6  total daily or weekly straight-time earnings, and total overtime compensation for the workweek,
7  and enjoining Defendant's policies and/or practices of failing and refusing to pay all wages due at
8  time of discharge or quitting.
9  G. For pre-judgment interest.
10 H. For costs of suit and an award of reasonable attorney's fees under the FLSA and
11 California Code of Civil Procedure section 1021.5.
12 I. For such other relief as the Court deems just and proper.

Dated: November 5, 2014      LAW OFFICES OF SOHNEN & KELLY

                             By: /s/ Harvey Sohnen
                                 HARVEY SOHNEN
                                 Attorneys for Plaintiff PEDRO ACERO,
                                 individually, and on behalf of all others
                                 similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

Dated: November 5, 2014      LAW OFFICES OF SOHNEN & KELLY

                             By: /s/ Harvey Sohnen
                                 HARVEY SOHNEN
                                 Attorneys for Plaintiff PEDRO ACERO,
                                 individually, and on behalf of all others
                                 similarly situated