1  LAW OFFICES OF SOHNEN & KELLY
   HARVEY SOHNEN, SBN 62850
2  PATRICIA M. KELLY, SBN 99837
   2 Theatre Square, Suite 230
3  Orinda, CA 94563-3346
4  Telephone: (925) 258-9300
   Facsimile: (925) 258-9315
5
   Attorneys for Plaintiff PEDRO ACERO,
6  individually, and on behalf of all others
7  similarly situated

8  SEYFARTH SHAW LLP                          STATE COMPENSATION INSURANCE FUND
   MARK P. GRAJSKI (SBN 178050)               GINA MARIE S. ONG (SBN 204137)
9  JULIE G. YAP (SBN 243450)                  JODY A. DEBERNARDI (SBN 139670)
   400 Capitol Mall, Suite 230                1750 E. Fourth Street, 5th Floor
10 Sacramento, CA 95814-4428                  Santa Ana, California 92705-3930
   Telephone: (916) 448-0159                  Telephone: (714) 347-6125
11 Facsimile: (916) 558-4839                  Facsimile: (714) 347-6145
12
   MEDINA MCKELVEY LLP
13 BRANDON R. MCKELVEY (SBN 217002)
   983 Reserve Drive
14 Roseville, CA 95678
   Telephone: (916) 960-2211
15 Facsimile: (916) 742-5151
16
   Attorneys for Defendant,
17 STATE COMPENSATION INSURANCE FUND,
18 a Public Enterprise Fund

19              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
20

21 PEDRO ACERO and JAMES H. SAFARIAN,   | Case No. 4:14-cv-04928-YGR
   individually, and on behalf of all others |
22 similarly situated,                  | MEMORANDUM OF UNDERSTANDING
                                        | REGARDING CLASS ACTION
23            Plaintiffs,               | SETTLEMENT AGREEMENT AND
                                        | RELEASE
24 vs.                                  |
                                        | Judge:  Hon. Yvonne Gonzalez Rogers
25                                      | Place:  1301 Clay Street
   STATE COMPENSATION INSURANCE         |         Crtrm.1, 4th Floor
26 FUND,                                |         Oakland, CA 94612
27            Defendant.
28

                                  -1-
   Settlement Agreement and Release              Case No. 4:14-cv-04928-YGR
   20536988v.2

## I.   INTRODUCTION

This Memorandum of Understanding Regarding Class Action Settlement Agreement and Release (hereinafter "Settlement Agreement" or "Agreement") is made and entered into by and between the following parties: Plaintiff Pedro Acero, individually and on behalf of all others similarly situated ("Plaintiff"), Defendant State Compensation Insurance Fund ("Defendant" or "State Fund"), and their respective counsel of record.  This Settlement Agreement is subject to the terms and conditions set forth below and to the approval of the Court.  This Settlement Agreement supersedes any and all prior memoranda of understanding and accurately sets forth the Parties' class action and collective action settlement to resolve the class claims for alleged failure to pay overtime compensation under the Federal Labor Standards Act ("FLSA"), and/or related claims of alleged unfair competition, under California Business and Professions Code sections 17200, and/or related claims for violation of California Labor Code § 203, *et seq*., as averred in the Second Amended Complaint on file in this action.

## II.   DEFINITIONS

1.   Plaintiff and Defendant herein are collectively referred to as "the Parties."

2.   The "Action" means the lawsuit captioned above.

3.   "California Class" means the class described in Paragraph 54 of this Agreement.

4.   "California Class Member" means a member of the Class described in Paragraph 54 of this Agreement.

5.   "California Settlement Class" means those persons who are members of the California Class who have not properly and timely opted out of the Action.

6.   "California Settlement Class Member" means any person who is included in the California Settlement Class.

7.   "Claim Form" means the form members of the Settlement Class are required to submit in order to establish their entitlement to recovery of a portion of the Net Settlement Fund.

8.   "Class Counsel" means the Plaintiff's Counsel after appointment as counsel for the Class by the Court.

9.   "Class" means the California and FLSA Classes.

Settlement Agreement and Release
20536988v.2

Case No. 4:14-cv-04928-YGR

1    10.    "Class Member" means a member of the California and/or FLSA Classes.

2    11.    "Class Notice" means the Notice of Pendency of Class/Collective Action provided

3    to Class Members.

4    12.    "Class Positions" means Loss Control Representatives, Loss Control Consultants,

5    Loss Prevention Representatives[1], Loss Prevention Consultants, Marketing Representatives, Broker

6    Relationship Representatives, Group Insurance Consultants, Employer Service Representatives,

7    Senior Loss Control Representatives, Senior Loss Control Consultants, Senior Loss Prevention

8    Representatives, Senior Loss Prevention Consultants, Senior Marketing Representatives, Senior

9    Broker Relationship Representatives, or Senior Group Insurance Consultants who worked on a

10   full-time basis and regularly performed officially assigned duties outside of State Fund offices

11   during the Settlement Period.

12   13.    "Class Period" means November 5, 2010 (for the California Class) and November 5,

13   2011 (for the FLSA Class) through the date upon which the Court grants Preliminary Approval of

14   the Settlement.

15   14.    "Class Representative" means Plaintiff Pedro Acero , who has been designated by

16   Plaintiff's Counsel as Class Representative for the Settlement Class.

17   15.    "Class Representative Service Award" means the sum to be paid to the named Class

18   Representative as enhancement for his role as potential and actual Class Representative, and for the

19   risks and work attendant to that role, and shall be paid from the Gross Fund.

20   16.    "Court" means the United States District Court for the Northern District of

21   California or any other court taking jurisdiction of the Action.

22   17.    "Final Approval Hearing" means the hearing to be conducted by the Court to

23   determine whether to finally approve and implement the terms of this Agreement, including a

24   ruling on Plaintiff's' Counsel's Fees and Costs and the Class Representative Service Award.

25   18.    "FLSA Class" means the class described in Paragraph 55 of this Agreement.

26

27

28
[1] During the Class Period the positions that previously contained "Loss Control" in the title were changed to refer to "Loss Prevention."

-3-

1       19.    "FLSA Class Member" means a member of the FLSA Class described in Paragraph

2 55 of this Agreement.

3       20.    "FLSA Settlement Class" means those persons who have previously submitted an

4 "opt-in" claim form in this Action and/or those persons who are members of the FLSA Class,

5 receive a FLSA Notice, and who submit a valid Claim Form consenting to join the FLSA Class,

6 consistent with the process described herein.

7       21.    "FLSA Settlement Class Member" means any person who is included in the FLSA

8 Settlement Class.

9       22.    "Gross Fund" shall mean the principal amount of $650,000.00, which is the

10 maximum amount State Fund is required to pay, inclusive of the employer's share of standard

11 payroll tax requirements, the employee's share of payroll tax requirements, Plaintiff's' Counsel's

12 Attorneys' Fees and Costs, the amount of the Settlement Administration Expenses, and the amount

13 of the Class Representative Service Award.

14       23.    "Judgment" means the Judgment and Order Regarding Final Approval of Class

15 Action Settlement and Dismissal with Prejudice issued by the Court.

16       24.    "Net Settlement Fund" means the Gross Fund after deduction of Plaintiff's

17 Counsel's Attorneys' Fees and Costs, the amount of the Settlement Administration Expenses, and

18 the amount of the Class Representative Service Award, and is the amount that will be apportioned

19 to Settlement Class Members for Settlement Payments.

20       25.    "Opt-Out Class Member" means any person who submits a valid and timely request

21 for exclusion from the California Class.

22       26.    "Plaintiff" means the named Plaintiff Pedro Acero in the Action, individually, and

23 in his capacity as the party seeking to act as class representative.

24       27.    "Plaintiff's Counsel" means the Law Offices of Sohnen & Kelly of Orinda,

25 California.

26       28.    "Plaintiff's Counsel's Fees and Costs" means the amount that may be awarded to

27 the attorneys for Plaintiff by the Court (or other Court taking jurisdiction of this matter) for

28 prosecuting and settling the Action, including all attorneys' fees, costs, and expenses.

-4-

Settlement Agreement and Release                 Case No. 4:14-cv-04928-YGR
20536988v.2

29.    "Plaintiff's Counsel's Released Claim" means Plaintiff's Counsel's request for their fees and costs, which claims shall be released following payment of the Plaintiff's Counsel's Fees and Costs pursuant to the terms of this Agreement, including adoption of any potential structure arrangement for such payments.

30.    "Released Parties" means the same as "State Fund" or "Defendant" as that term is defined above in the opening of this Agreement and Defendant's agents, insurers, attorneys, successors, and assigns.

31.    "Released State Law Claims" means any and all applicable state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of whatever kind and nature, character and description, that were alleged in the Second Amended Complaint of this Action, whether known or unknown, as well as similar claims that arise from the same factual predicate of the Action, Complaint, First Amended Complaint, or Second Amended Complaint, whether known or unknown, that exist from November 5, 2010 through the date of entry of the Order of Final Approval by the Court.  The Released State Law Claims include claims meeting the above definition under all applicable statutes, regulations or common law.

32.    "Released Federal Law Claims" means any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of whatever kind and nature, character and description, that were alleged in the Second Amended Complaint of this Action, whether known or unknown, as well as similar claims that arise from the same factual predicate of the Action, Complaint, First Amended Complaint, or Second Amended Complaint, whether known or unknown, that exist from November 5, 2010 through the date of entry of the Order of Final Approval by the Court.

33.    "Released Period" means November 5, 2010 through the date of entry of the Order of Final Approval by the Court.

34.    "Settlement" means the settlement of this Action and related claims effectuated by this Agreement.

35.     "Settlement Administration Expenses" means those expenses incurred by the Settlement Administrator in effectuating the Settlement.

36.     "Settlement Administrator" means Dahl Administration, LLC or such other administrator mutually agreed upon by the Parties.

37.     "Settlement Class" means the California and FLSA Settlement Classes.

38.     "Settlement Class Member" means any person who is included in the California and/or FLSA Settlement Classes.

39.     "Settlement Class Members' Released Claims" means those claims of the Settlement Class set forth herein that are released pursuant to the terms of the Agreement.

40.     "Settlement Payments" means the amounts to be paid to individual Settlement Class Members.

41.     "Settlement Period" means November 5, 2010 (for the California Class) and November 5, 2011 (for the FLSA Class) through the date upon which the Court grants Preliminary Approval of the Settlement.

42.     "Settlement Effective Date" means the date by which all of the following have occurred:  (i) this Settlement is finally approved by the Court; (ii) the Court's Judgment and Order Re Final Approval of Class Settlement and Dismissal with Prejudice ("Judgment") becomes Final; (iii) if there are no objections to the settlement, the date the Court's Judgment is entered; (iv) if there is an appeal of the trial court's final Judgment in the Action, the date of final affirmance on an appeal or the date of dismissal of such appeal; and (v) if there is a petition for writ of certiorari to the U.S. Supreme Court, the date of denial of such petition or the date of affirmance of the trial court judgment pursuant to such petition.

### III.     LITIGATION BACKGROUND

43.     On November 5, 2010, Plaintiff Pedro Acero filed a complaint seeking relief for himself individually and for a class of similarly situated individuals in California. The Complaint was initially filed in the United States District Court, Northern District of California, Case No. 4:14-cv-04928-YGR.

-6-

44.     The gravamen of the Complaint was that Defendant had failed to provide FLSA overtime compensation to employees who worked in certain field positions.  Plaintiff Acero sought class-wide damages and restitution for pay allegedly due under the FLSA and/or California's Unfair Compensation laws, liquidated damages, statutory penalties for failure to timely pay compensation and wages in violation of California Labor Code § 203, interest thereon, injunctive relief, and costs and attorneys' fees.  Prior to effecting service on State Fund, a First Amended Complaint was filed on December 1, 2014, alleging additional information about hours worked by Plaintiff Acero.  In its Answer to the First Amended Complaint, Defendant denied Plaintiff's claims.

45.     A Second Amended Complaint was filed on June 25, 2015, adding Plaintiff Safarian as an individual Plaintiff and additional positions to the putative class and collective definitions.  By stipulation the parties agreed that Plaintiff Safarian was to be dismissed as a Plaintiff from this Action and that he would not seek any Class Representative service award, but that he would remain a Class Member in this Action.

46.     In its Answer to the Second Amended Complaint, Defendant denied Plaintiff's claims.

47.     Since before the filing of the Action and through settlement, Plaintiff's Counsel has conducted a thorough investigation into the facts of this class action, including interviewing numerous witnesses and reviewing State Fund documents regarding the claims alleged in the lawsuit.  The parties have also engaged in extensive discovery, including informal exchanges of information, production of documents by Defendant and Plaintiff Acero and Safarian, and the depositions of Plaintiff Acero and Safarian.  Plaintiff's Counsel has reviewed and analyzed all discovery.  In addition, Plaintiff's Counsel has interviewed approximately twenty-two (22) prospective Class Members.

48.     Three (3) Settlement Class Members, including Acero and Safarian, filed their consent forms opting into the FLSA Collective before July 6, 2015.

49.     The Parties participated in a mediation with Mark Rudy, an experienced employment law mediator, on July 6, 2015.

Settlement Agreement and Release                                    Case No. 4:14-cv-04928-YGR
20536988v.2

50.   After a full day of arms-length negotiation on July 6, 2015, the parties agreed to the principle settlement terms.

51.   It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims against the Defendant arising from or related to the Action.

52.   It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of the claims by Settlement Class Members of the claims averred in the Action, as stated in Paragraph 93.  This release includes in its effect a release of the Defendant, and a mutual release as between Plaintiff Acero and Defendant.

### IV.   JURISDICTION AND VENUE

53.   This Court has jurisdiction over the Parties and the subject matter of this Action. This Court will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations provided for herein have been fully executed.

### V.   CLASS DEFINITION

54.   The California Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in California and who regularly performed officially assigned duties outside of State Fund offices at any time during the period on or after November 5, 2010 through date of entry of an Order of Preliminary Approval of this Settlement (the 'California Settlement Period')."

55.   The FLSA Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention

Settlement Agreement and Release
20536988v.2

Case No. 4:14-cv-04928-YGR

1  Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior
2  Group Insurance Consultant by Defendant in California and who regularly performed officially
3  assigned duties outside of State Fund offices at any time during the period on or after November 5,
4  2011 through date of entry of an Order of Preliminary Approval of this Settlement (the 'FLSA
5  Settlement Period')."

6        56.     Class Members entitled to recover under this Settlement Agreement will include
7  only those individuals who are identified on Defendant's records as having worked as a Class
8  Member during the Class Period, or those additional individuals who obtain a determination by the
9  Settlement Administrator that they worked in that capacity notwithstanding the absence of
10 Defendant's records confirming such employment.

11       57.     Class Certification For Settlement Purposes.  Defendant's position is that Plaintiff
12 cannot establish the necessary elements for class certification for liability purposes.  The California
13 Class may be provisionally certified as a class action, however, for settlement purposes only
14 pursuant to Federal Rules of Civil Procedure Rule 23(b)(3) to facilitate the monetary relief
15 provided in this Settlement Agreement.  Plaintiff Acero and his attorneys, the Law Offices of
16 Sohnen & Kelly, may be preliminarily and conditionally appointed as Class Representative and
17 Class Counsel, respectively.

18       58.     Conditional Collective Certification.  Defendant's position is that Plaintiff cannot
19 establish the necessary elements for first stage or second stage conditional certification for liability
20 purposes.  The FLSA Class may be provisionally certified as a collective action, however, pursuant
21 to 29 U.S.C. § 216(b) for settlement purposes only to facilitate the monetary relief provided in this
22 Settlement Agreement.  Plaintiff Acero, and his attorneys, the Law Offices of Sohnen & Kelly,
23 may be preliminarily and conditionally appointed as Collective Representative and Collective
24 Counsel, respectively.

25       59.     Should, for whatever reason, the Settlement not become final, the fact that Plaintiff
26 and Defendant were willing to stipulate to class and collective action certification as part of the
27 Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of
28 whether a class or collective should be certified in a non-settlement context in this Action.

1 Defendant expressly reserves the right to oppose class and/or collective action certification should

2 the Settlement not become final.

3                  **VI.**     **TERMS OF SETTLEMENT**

4       60.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and

5 undertakings set forth herein, the Parties agree, subject to the Court's approval, as follows:

6          a.    Scope.  The Settlement described herein will resolve fully and finally all

7 federal and state law claims, rights, demands, liabilities, and causes of action of every nature and

8 description, that were alleged in the Second Amended Complaint of this Action, whether known or

9 unknown, as well as similar claims that arise from the same factual predicate of the Action,

10 Complaint, First Amended Complaint, or Second Amended Complaint, including but not limited to

11 unpaid wages and overtime compensation, liquidated damages, restitution, penalties, interest,

12 attorneys' fees and expenses, whether known or unknown, for the Released Period.

13          b.    Non-Approval By The Court.  In the event that this Settlement Agreement is

14 not approved by the Court, fails to become effective, or is reversed, withdrawn or materially

15 modified by the Court:

16               i.    The Settlement Agreement shall have no force or effect;

17             ii.    The Settlement Agreement shall not be admissible in any judicial,

18 administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or

19 procedural;

20           iii.    None of the parties to this Settlement Agreement will be deemed to

21 have waived any claims, objections, defenses, or arguments with respect to the issue of class

22 certification, collective certification, or the merits of Plaintiff's claims.

23          c.    Settlement Amount.  Subject to conditional class and collective action

24 certification and Court approval, and in consideration for the release described in this Agreement,

25 Defendant shall pay an amount not to exceed $650,000.00 ("Gross Fund") to resolve the Action, as

26 described more fully below.  Within ten (10) days of entry of the Order Granting Final Approval,

27 Defendant shall deposit the entirety of the settlement amount ($650,000.00) into an escrow account

28 established by the Settlement Administrator.  The Gross Fund of $650,000.00 shall be the sole

-10-

1  financial obligation of Defendant under this Agreement.  The Gross Fund shall be used to satisfy

2  (1) the claims of all Settlement Class Members for all Released State Law Claims and all Released

3  Federal Law Claims, including but not limited to unpaid wages and overtime compensation,

4  liquidated damages, restitution, penalties, interest, attorneys' fees, costs, and expenses due or

5  claimed to be due at any time during Released Period, by all members of the Settlement Class; (2)

6  Settlement Administration Expenses; (3) Plaintiff's Counsel's Fees and Costs; (4) the employer's

7  share of the payroll taxes; (5) all Class Members' share of the payroll taxes; and (6) the Class

8  Representative Service Award.  The Gross Fund will be distributed in accordance with the terms of

9  this Agreement.  The Gross Fund shall be deposited in an interest-bearing escrow account selected

10 by the Settlement Administrator.  Interest accruing on the Gross Fund while in escrow shall be

11 treated as, and revert in a like manner as, the Gross Fund principal amount.

12       d.    Settlement Payments to Class Members.  The Net Settlement Fund shall be

13 used to pay all amounts due to Settlement Class Members based on the distribution method set

14 forth below.  The portion of the Net Settlement Fund payable to each Settlement Class Member

15 will be calculated as follows:

16       i.    A portion of the Net Settlement Fund shall be allocated to the FLSA

17 Class (i.e., "all persons who worked, full-time, as a Loss Control Representative, Loss Control

18 Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing

19 Representative, Broker Relationship Representative, Group Insurance Consultant, Employer

20 Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant,

21 Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing

22 Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant

23 by Defendant in California and who regularly performed officially assigned duties outside of State

24 Fund offices at any time during the FLSA Settlement Period") in the amount of $9.00 multiplied by

25 the total number of workweeks worked by the FLSA Class from November 5, 2011 to September

26 30, 2014 and in the amount of $3.00 multiplied by the total number of workweeks worked by the

27 FLSA Class from October 1, 2014 through date of entry of an Order of Preliminary Approval of

28 this Settlement (hereafter referenced as the "FLSA Class Award").  The amount of this potential

-11-

1  award for each FLSA Class Member will be listed on the "Claim Form" as the "Estimated FLSA

2  Class Award."

3              ii.     The remaining portion of the Net Settlement Fund shall be disbursed

4  to the California Settlement Class on a pro rata basis (hereafter referenced as the "California Class

5  Award") based on the total number of workweeks worked by each California Class Member as

6  described further below.  Workweeks commencing on and after October 1, 2014 will be given one-

7  third (1/3) the weight of the preceding workweeks in the California Settlement Period.

8              iii.    In order for FLSA Class Members to receive their portion of the

9  FLSA Class Award, they must opt in to the FLSA Settlement Class.  The FLSA Class Members

10 that opt in to the FLSA Settlement Class (hereafter referred to as "FLSA Opt Ins") will receive

11 $9.00 multiplied by the total number of workweeks they individually worked between November

12 5, 2011 and September 30, 2014 and $3.00 multiplied by the total number of workweeks they

13 individually worked between October 1, 2014 and the date of entry of an Order of Preliminary

14 Approval of this Settlement.  FLSA Class Members who do not opt in to the FLSA Settlement

15 Class will not receive a portion of the FLSA Class Award, but may fully participate in the

16 California Class Settlement as described below, assuming they do not opt out of the California

17 Class Settlement.  The three (3) persons who have opted-in prior to this Agreement are included as

18 opt-ins without being required to complete any further opt-in forms.  If there is a portion of the

19 total FLSA Class Award that goes undistributed, based on FLSA Class Members who do not opt in

20 to the FLSA Settlement Class, the remaining portion of the FLSA Class Award will revert to the

21 California Class Settlement and will be distributed as described below.

22             iv.     The minimum potential Settlement share for each member of the

23 California Class shall be calculated as follows:  The California Class Award will be divided, on a

24 pro rata basis, based on the total number of workweeks for which all California Class members

25 worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention

26 Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship

27 Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss

28 Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative,

-12-

1  Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship

2  Representative, or Senior Group Insurance Consultant by Defendant in California and who

3  regularly performed officially assigned duties outside of State Fund offices at any time during the

4  California Settlement Period.  Workweeks commencing on and after October 1, 2014 will be given

5  one-third (1/3) the weight of the preceding workweeks in the California Settlement Period.  The

6  pro rata amount of this potential award for each individual California Class Member will be listed

7  on the "Claim Form" as the "Estimated California Class Award."

8             v.       To calculate the actual Final California Class Award for each

9  member of the California Settlement Class, the Settlement Administrator shall determine the

10  number of members of the California Settlement Class (i.e. all California Class Members who have

11  not timely opted-out), then calculate the number of workweeks, on a pro rata basis, of all members

12  of the California Settlement Class (with weeks commencing on or after October 1, 2014 accorded

13  one-third (1/3) the weight of the preceding workweeks in the California Settlement Period), and

14  distribute the California Class Award, on a pro rata basis, to each member of the California

15  Settlement Class based on the pro-rata number of workweeks each California Class Member

16  worked.

17             vi.     Notwithstanding this formula, the minimum payment to any

18  Settlement Class Member, whether a member of the FLSA Settlement Class, the California

19  Settlement Class, or both, shall be $50.00.

20             vii.    The number of workweeks worked by Settlement Class Members,

21  full-time, in one or more Class Positions shall be determined by the Settlement Administrator

22  based on employment records to be provided confidentially by Defendant as specified below.

23  Settlement Class Members shall have the right to challenge the number of workweeks reflected in

24  Defendant's records.  After consulting with the parties, the Settlement Administrator shall make

25  final and non-appealable determinations as to any such challenges, and shall revise Class

26  Members' weeks worked numbers consistent with its determinations.

27          e.     <u>Attorneys' Fees and Costs</u>.  From the Gross Fund, Defendant has agreed to

28  pay, subject to Court approval, up to twelve thousand dollars ($12,000.00) to resolve Plaintiff's

-13-