# NOTICE OF PENDENCY OF CLASS AND COLLECTIVE ACTION AND PROPOSED SETTLEMENT

*Acero v. State Compensation Insurance Fund (4:14-cv-04928 YGR)*

TO: ALL PERSONS WHO WORKED, FULL-TIME, FOR STATE COMPENSATION INSURANCE FUND AS A LOSS CONTROL REPRESENTATIVE OR CONSULTANT, LOSS PREVENTION REPRESENTATIVE OR CONSULTANT, MARKETING REPRESENTATIVE, BROKER RELATIONSHIP REPRESENTATIVE, GROUP INSURANCE CONSULTANT, OR EMPLOYER SERVICE REPRESENTATIVE, WHO REGULARLY PERFORMED OFFICIALLY ASSIGNED DUTIES OUTSIDE OF STATE FUND OFFICES AT ANY TIME BETWEEN NOVEMBER 5, 2010 AND [PRELIMINARY APPROVAL DATE]

The United States District Court for the Northern District of California conditionally certified the above-listed Class and Collective action and preliminarily approved a settlement ("Settlement") of the lawsuit against State Compensation Insurance Fund ("State Fund"). You received this Notice because State Fund's records indicate you are a class member. This Notice describes the claims, the Settlement, and your rights as a class member.

**Please read the <u>entire</u> Notice carefully, as your legal rights may be affected and you have a choice to make now.**

A. **DESCRIPTION OF LAWSUIT**:

Representative Plaintiff Pedro Acero ("Plaintiff") contends that State Fund failed to pay current and former employees overtime pay for hours worked in excess of forty hours per week and failed to timely pay former employees all wages upon termination. The lawsuit alleges that State Fund's alleged failure to pay overtime pay violates state and federal law. Plaintiff alleged two different classes, which are described below.

      1.    **California Class:** Plaintiff brought California state-law claims based on allegedly unpaid overtime compensation and related penalties on behalf of all full-time Loss Control Representatives and Consultants, Loss Prevention Representatives and Consultants, Senior Loss Control Representatives and Consultants, Senior Loss Prevention Representatives and Consultants, Marketing Representatives, Senior Marketing Representatives, Broker Relationship Representatives, Senior Broker Relationship Representatives, Group Insurance Consultants, Senior Group Insurance Consultants, and Employer Service Representatives, who regularly performed officially assigned duties outside of State Fund offices and who worked between November 5, 2010 and [DATE OF PRELIMINARY APPROVAL]. Unless you exclude yourself from the Settlement by choosing to Opt Out (described below), you are a member of the California Class.

      2.    **FLSA Class:** Plaintiff brought a federal law claim for unpaid overtime and liquidated damages, under the Fair Labor Standards Act ("FLSA"), on behalf of all full-time Loss Control Representatives and Consultants, Loss Prevention Representatives and Consultants, Senior Loss Control Representatives and Consultants, Senior Loss Prevention Representatives and Consultants, Marketing Representatives, Senior Marketing Representatives, Broker Relationship Representatives, Senior Broker Relationship Representatives, Group Insurance Consultants, Senior Group Insurance Consultants, and Employer Service Representatives, who regularly performed officially assigned duties outside of State Fund offices and who worked between November 5, 2011 and [DATE OF PRELIMINARY APPROVAL]. You may choose to opt-in and become a member of the FLSA Class, as more fully described below, by filling out and returning the enclosed Claim Form.

*If you do not opt-in by returning the enclosed completed Claim Form you will not obtain settlement funds designated for the FLSA Class, unless you previously filed an FLSA Consent Form.*

State Fund denies all liability. State Fund also denies that this case is appropriate for class certification for any purpose other than settlement. The Court has not decided whether any violations occurred or whether the case could be certified as a class action for purposes of conducting a trial to determine liability.

**B.      SUMMARY OF SETTLEMENT:**

**1.**      State Fund will make a settlement payment ("Settlement Payment") of $650,000, if the Court grants final approval of the Settlement. As will be described in more detail below, the amount available for Class Members from the $650,000 is estimated at $460,500, calculated as follows:

```
$   650,000   (Settlement Amount)
$   162,500   (25% Award for Attorneys' Fees)
$    12,000   (Estimated Litigation Costs)
$     7,500   (Class Representative Service Payment)
$     7,500   (Estimated Administrator Fees)
$   460,500 = Estimated "Net Settlement Fund" Payable to Settlement Class
```

This Net Settlement Fund is an estimate. The final amount of the Net Settlement Fund will depend upon whether, and in what amounts, the Court approves the attorneys' fees, litigation expense reimbursements, Administrator fees, and class representative service payment.

**2.**      The entire Net Settlement Fund will be paid to Class Members based upon the number of workweeks for Class Members, who worked full time and regularly performed officially assigned duties outside of State Fund offices in the following positions:

- Loss Control Representative or Consultant or Senior Loss Control Representative or Consultant,
- Loss Prevention Representative or Consultant or Senior Loss Prevention Representative or Consultant,
- Marketing Representative or Senior Marketing Representative,
- Broker Relationship Representative or Senior Broker Relationship Representative,
- Group Insurance Consultant or Senior Group Insurance Consultant, or
- Employer Service Representative

These positions are referred to collectively as "qualifying Class Positions." For purposes of calculating the California Award, weeks worked in a qualifying Class Position on or after October 1, 2014 will be given one-third the weight of weeks worked prior to that date.

The amount you are eligible to receive will be based on (A) the number of weeks you worked, full-time, in a qualifying Class Position and (B) whether you opted in to the FLSA Class by returning a Claim Form on or before [DATE 60 days after mailing of Notice]. Each Class Member who worked in a qualifying Class Position, according to State Fund's records, will receive with this Notice a Claim Form that shows the estimated payment calculated as described above. **The estimated amount that you can expect to receive pursuant to the proposed terms of the Settlement is stated in the enclosed Claim Form.**

**If the Claim Form does not correctly state your name or contact information, please inform the Settlement Administrator immediately**. You can do this by calling or writing to:
State Compensation Insurance Fund Settlement Administrator
**c/o Dahl Administration**
ADDRESS AND TOLL FREE PHONE

This estimated amount shown on the Claim Form is subject to change, depending on the final number of Class Members who participate in the Settlement among other things. If the Claim Form does not correctly state your Work History, please follow the instructions on the Claim Form for challenging the Work History provided on the Claim Form.

It is anticipated that the Settlement Payments will be paid in two consecutive rounds.  The first round of Settlement Payments will be made approximately 25 days after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.  The earliest that this could occur is xxx, 2016.

If you cash your check during the first round of check distribution, you may also be eligible to receive a second additional check that would increase the recovery you are entitled to.  If there are available funds, a second round of checks will proportionally re-distribute amounts for checks that were issued, but not cashed, after the first round of check distribution. The second round of payments—paid only to Class Members who cash their check in the first round of payments—will be sent approximately 135 days after the first round of checks.

> **There will be no retaliation or negative treatment by State Compensation Insurance Fund against you based on your decision to accept the money from this Settlement.**

C.    **YOUR OPTIONS UNDER THIS SETTLEMENT:**

**1.    OPT-IN TO THE FLSA CLASS AND RECEIVE ADDITIONAL FLSA AWARD.**  If you submit the enclosed Claim Form and check Box #1, you are consenting to join the FLSA Class, and you will release State Fund and related entities from any and all claims that were or could have been brought under federal law similar to those alleged in the above-listed lawsuit.  You may review the full contents of the release in Paragraphs 93-95 of the Settlement Agreement (which is available online at _____).

You have until [DATE 60 days after mailing of Notice] to submit a Claim Form and Opt-In to the FLSA Class to receive an additional FLSA award.  **Late Claim Forms will NOT be processed absent the consent of all parties or extraordinary circumstances.**

In consideration for your consenting to join the FLSA Class and your release of claims, you will receive a portion of the FLSA Award.  The FLSA Award will be calculated and paid at the rate of **$9 per workweek for weeks worked between November 5, 2011 and September 30, 2014 and $3 per workweek for weeks worked between October 1, 2014 and [DATE OF PRELIMINARY APPROVAL]**, which is in addition to the amount Class Members are eligible to receive from the California Settlement Class Award.  *For example, if a Class Member worked full-time in a qualifying Class Position for 100 weeks between November 5, 2011 and September 30, 2014 and for 10 weeks after October 1, 2014, and he or she returns the Claim Form opting into the FLSA Class, the Class Member would receive an additional $930 for his or her portion of the FLSA Award.*

The amount of your FLSA Award will be based on how many workweeks you worked, full-time in a qualifying Class Position between November 5, 2011 and [DATE OF PRELIMINARY APPROVAL].  If you dispute the number of workweeks, you must submit a written, signed challenge along with any supporting documents, if you have them, to the Settlement Administrator at the address provided on the Claim Form by [DATE 60 days after mailing of Notice].

If you Opt-In to the FLSA Class, the Settlement Payment to you will be treated as one-half (50%) for overtime wages and one half (50%) for liquidated damages and interest.  From the portion payable for overtime wages, certain taxes will be withheld as required by law.  You will receive separate IRS Forms for the two portions of the payment.  If you decide to participate in the settlement and collect your share of the fund, **you will be responsible for correctly characterizing these payments for personal tax purposes and paying any taxes owed on the amounts.**  Neither the Settlement Administrator, Plaintiff, State Compensation Insurance Fund, nor any of their lawyers are authorized to provide tax reporting advice and provide no advice as to whether receipt of this payment will impact your prior or future tax filings.  **You should obtain independent tax advice regarding these matters.**

**If you do not submit a Claim Form, you will <u>not</u> be entitled to the FLSA Award, unless you previously submitted an FLSA Consent Form.**

**2.     DO NOTHING AND RECEIVE THE CALIFORNIA AWARD.**  If you do nothing, you will automatically receive your portion of the California Award, and you will release State Fund and related entities from any and all claims that were or could have been brought under state law similar to those alleged in the above-listed lawsuit.  You may review the full contents of the release in Paragraphs 93-95 of the Settlement Agreement (which is available online at \_\_\_\_).

As a California Class Member, you will receive your portion of the California Award in exchange for releasing the state law claims described above against State Fund.  The California Award will be calculated by reducing the Net Settlement Fund (after deducting the fees, costs, and expenses described above) by the amount of the FLSA Award and then dividing that among the California Class Members based on the number of workweeks each California Class Member worked during the relevant period.  Weeks worked in a qualifying Class Position on or after October 1, 2014 will be given one-third the weight of weeks worked prior to that date.

The amount of your California Award will be based on how many workweeks you worked, full-time, in a qualifying Class Position between November 5, 2010 and [DATE OF PRELIMINARY APPROVAL].  If you dispute the number of workweeks, you must submit a written, signed challenge along with any supporting documents, if you have them, to the Settlement Administrator at the address provided on the Claim Form by [DATE 60 days after mailing of Notice].

If you do not Opt-In to the FLSA Class, the Settlement Payment to you will be treated as sixty-six percent (66%) for overtime wages and thirty-four percent (34%) for penalties and interest.  From the portion payable for overtime wages, certain taxes will be withheld as required by law.  You will receive separate IRS Forms for the two portions of the payment.  If you decide to participate in the settlement and collect your share of the fund, **you will be responsible for correctly characterizing these payments for personal tax purposes and paying any taxes owed on the amounts.**  Neither the Settlement Administrator, Plaintiff, State Compensation Insurance Fund, nor any of their lawyers are authorized to provide tax reporting advice and provide no advice as to whether receipt of this payment will impact your prior or future tax filings.  **You should obtain independent tax advice regarding these matters.**

**3.     OPT-OUT OF THE CALIFORNIA CLASS.**  If you **do not** want to participate in the California portion of the Settlement and **do not** want to release your state law claims, you may exclude yourself ("opt out") by submitting a letter expressly stating that you wish to be excluded from the California Class.  Such requests for exclusion should state your name, current contact information, and a statement that you request exclusion from the class in *Acero v. State Compensation Insurance Fund*, 4:14-cv-04928 YGR and do not wish to participate in the settlement.  Your letter must include your address, telephone number, and your signature.  **All written requests for exclusion must be mailed to the Settlement Administrator, postmarked by** [DATE 60 days after mailing of Notice]).  You cannot exclude yourself by phone or email.

If you opt-out, you will not be eligible to receive the California Award but you may still choose to opt-in to the FLSA Class.

**4.     OBJECT.**  You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Acero v. State Compensation Insurance Fund*, Case Number 4:14-cv-04928 YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be postmarked on or before [DATE 60 days after mailing of Notice].

A Class Member who fails to mail or file a written statement of objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

The Court will decide whether any objections to the settlement are valid.   If you submit an objection and it is rejected by the Court, you will still participate in the settlement, collecting your money and giving up your right to sue for overtime pay and related claims released by the Settlement.

### D.      FINAL APPROVAL OF HEARING ON SETTLEMENT:

The Court will hold a final approval hearing on the proposed Settlement on [**DATE AND TIME**], at Courtroom 1, United States District Court, Northern District of California, 1301 Clay Street**,** 4th Floor, Oakland, CA 94612.  The purpose of this hearing is to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve Class Counsel's request for attorneys' fees and expense reimbursement and the Class Representative service payment. The hearing may be postponed without further notice to the Class. You are advised to check one of the websites listed in E below or the Court's PACER site to confirm that the date has not been changed.

**It is not necessary for you to appear at this hearing** unless you wish to object to the Settlement.  If you have given written notice of your objection to the Settlement, you may appear at the hearing at your option if you have filed a notice of intent to appear by [DATE 60 days after mailing of Notice].  If you have not given written notice of your objection and intention to appear, any objection you have may not be heard by the Court.

### E.      ADDITIONAL INFORMATION:

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.sohnenandkelly.com, by contacting class counsel listed below, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**CLASS COUNSEL**

Harvey Sohnen
Patricia M. Kelly
LAW OFFICES OF SOHNEN & KELLY
2 Theatre Square, Suite 230
Orinda, CA 94563
 Telephone:  (925) 258-9300
 Facsimile:  (925) 258-9315

**DEFENDANT'S COUNSEL**

Mark P. Grajski
Julie G. Yap
SEYFARTH SHAW LLP
400 Capitol Mall, Suite 2350
Sacramento, CA 95814

**IMPORTANT:**

1. **PLEASE DO <u>NOT</u> TELEPHONE THE COURT, STATE COMPENSATION INSURANCE FUND, OR STATE COMPENSATION INSURANCE FUND'S LAWYERS FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.**

2. **If you move or change address, please send the Administrator your new address.  It is your responsibility to keep a current address on file with the Administrator to ensure receipt of your Settlement Payment(s).  Failure to do so may result in non-payment or delay in payment.**

3. **It is strongly recommended that you keep a copy of any claim form, opt-out or objection that you submit, and proof of timely transmission, until after the Final Approval hearing.**

**BY ORDER OF THE COURT.**