**LAW OFFICES OF SOHNEN & KELLY**
HARVEY SOHNEN, SBN 62850
PATRICIA M. KELLY, SBN 99837
2 Theatre Square, Suite 230
Orinda, CA 94563-3346
Telephone:  (925) 258-9300
Facsimile:  (925) 258-9315
Email: hsohnen@sohnenandkelly.com
Email: pkelly@sohnenandkelly.com

Attorneys for Plaintiff PEDRO ACERO,
individually, and on behalf of all others
similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ACERO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STATE COMPENSATION INSURANCE FUND,<br><br>Defendant. | Case No. 4:14-CV-04928-YGR<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:  Honorable Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor<br>Date: September 22, 2015<br>Time: 2:00 p.m. |

**Recitals**:

This matter came on for hearing on September 22, 2015, at 2:00 p.m. in Courtroom 1 of the above-captioned court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

The Court, having fully reviewed Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities and Declarations filed in support thereof, including the Memorandum of Understanding Regarding Class Action Settlement and Release ( the "Settlement Agreement"), the Notice of Pendency of Class and Collective Action and Proposed Settlement ("Notice"), and the Claim Form/Estimated Payment Form And Instructions ("Claim Form"), hereby makes the following findings and orders:

**Findings**:

The Court finds on a preliminary basis that the Settlement Agreement, Exhibit 1 to the Declaration of Harvey Sohnen in Support of Motion for Preliminary Approval of Settlement, filed August 27, 2015, and incorporated in full by this reference and made a part of this Order, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court notes that Defendant has agreed to create a common fund of $650,000.00, to pay (a) settlement payments to participating Class Members, i.e. those who validly opt in with respect to the Fair Labor Standards Act ("FLSA") Class and those who do not validly opt-out with respect to the California Class; (b) an enhancement payment not to exceed $7,500 to Plaintiff Pedro Acero; (c) an award of attorney's fees not to exceed $162,500, and actual costs incurred, not to exceed $12,000, to the Law Offices of Sohnen & Kelly; and (d) costs of administration estimated at $7,284.

a.       The Court finds that provisional certification of the class for settlement purposes is appropriate. In particular, the proposed class meets all of the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, except that the Court has not evaluated, and makes no finding, with respect to manageability of the case as a class action.

b.       The Class consists of the California Class and the FLSA Class. The California Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in California and who regularly performed officially assigned duties outside of State Fund offices at any time during the period on or after November 5, 2010 through date of entry of an Order of Preliminary Approval of this Settlement (the 'California Settlement Period')." The FLSA Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention

1  Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship
2  Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss
3  Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative,
4  Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship
5  Representative, or Senior Group Insurance Consultant by Defendant in California and who
6  regularly performed officially assigned duties outside of State Fund offices at any time during the
7  period on or after November 5, 2011 through date of entry of an Order of Preliminary Approval of
8  this Settlement (the 'FLSA Settlement Period')."   "Class Member" means a member of the
9  California and/or FLSA Classes.

10          c.      The Settlement Class consists of the California Settlement Class and the
11  FLSA Settlement Class.  The California Settlement Class shall be defined as and consist of "all
12  persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss
13  Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker
14  Relationship Representative, Group Insurance Consultant, Employer Service Representative,
15  Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention
16  Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior
17  Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in
18  California and who regularly performed officially assigned duties outside of State Fund offices at
19  any time during the California Settlement Period who do not properly and timely opt out of the
20  Action."  The FLSA Settlement Class shall be defined as and consist of "all persons who worked,
21  full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention
22  Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship
23  Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss
24  Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative,
25  Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship
26  Representative, or Senior Group Insurance Consultant by Defendant in California and who
27  regularly performed officially assigned duties outside of State Fund offices at any time during the
28  FLSA Settlement Period who submit a valid Claim Form consenting to join the FLSA Class."

1   Settlement Class Member means any person who is included in the California Settlement and/or

2   FLSA Settlement Classes.

3           d.      The Court finds that the Law Offices of Sohnen & Kelly is experienced in

4   class action litigation and that Plaintiff is an adequate class representative.  The Court also approves

5   Dahl Administration LLC to act as the class action administrator ("Settlement Administrator").

6           e.      The Court finds that the Notice and Claim Form, which are attached hereto

7   as Exhibits "1" and "2", respectively, comport with all constitutional requirements including those

8   of due process.

9           f.      The Court further finds that the proposed Notice to the class adequately

10  advises the class about:

11          (1)     The class action;

12          (2)     The terms of the proposed settlement, the benefits available to each Class

13                  Member, and proposed fees and costs to Class Counsel;

14          (3)     Each Class Member's right to challenge their number of workweeks stated on

15                  the Claim Form, and to object, opt in and/or to opt out of the settlement, and

16                  the timing and procedures for doing so;

17          (4)     The provisional and conditional certification of the class for settlement

18                  purposes only;

19          (5)     Preliminary court approval of the proposed settlement; and

20          (6)     The date of the Final Approval hearing as well as the rights of members of

21                  the class to file documentation in support of or in opposition to and appear in

22                  connection with said hearing.

23          g.      The Court further finds that the mailing to the last known address for Class

24  Members, as specifically described within the Settlement Agreement, constitutes reasonable notice

25  to Class Members of their rights with respect to the class action and proposed settlement.

26          **Based on the above, the Court hereby makes the following Orders:**

27          1.      The Court orders the preliminary approval of this case as a settlement class action

28  and provisionally orders certification of the class defined as:  The Class consists of the California

Class and the FLSA Class.  The California Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in California and who regularly performed officially assigned duties outside of State Fund offices at any time during the period on or after November 5, 2010 through date of entry of an Order of Preliminary Approval of this Settlement (the 'California Settlement Period')."  The FLSA Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in California and who regularly performed officially assigned duties outside of State Fund offices at any time during the period on or after November 5, 2011 through date of entry of an Order of Preliminary Approval of this Settlement (the 'FLSA Settlement Period')."  "Class Member" means a member of the California and/or FLSA Classes.

2.     The Court orders that the Settlement appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by the Court.

3.     The Court orders the appointment of the Law Offices of Sohnen & Kelly as Class Counsel and orders the appointment of Pedro Acero as the class representative.  The Court further approves and appoints Dahl Administration LLC to act as the Settlement Administrator.

4.     Defendant shall, no later than thirty (30) days of the date of entry of this order, provide the Settlement Administrator with a list of all Class Members, their last known addresses, telephone numbers, Social Security numbers, dates of employment and leaves of absence while

working in Class Positions, and provide the same information to Class Counsel, but without Social Security numbers, last known addresses and telephone numbers.

5.    The Settlement Administrator shall mail by first class mail the Notice and Claim Form (Exhibits 1 and 2 hereto) to Class Members on the list provided by Defendant, no later than twenty (20) days after receiving Class Members' information from Defendant.

6.    The Court orders that, no later than five (5) days before the Final Approval hearing, a declaration shall be filed with the Court by the Settlement Administrator stating that the Notices and Claim Forms were mailed and re-mailed to the Class Members in accordance with the Settlement Agreement.

7.    The Court orders that any challenge to workweeks must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class and must be received by the Settlement Administrator to be valid.

8.    The Court orders that any request for exclusion must be postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class and must be received by the Settlement Administrator to be valid. The Court orders that any Class Member who has not opted out but who wishes to object to the Settlement Agreement must do so in writing to the Court. Written objections and supporting papers must be filed with the United States District Court, either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, or by filing them in person at any location of the United States District Court for the Northern District of California.  Written objections and supporting papers must be filed or postmarked no later than sixty (60) calendar days after the Notice is initially mailed to the class.  Objections not previously filed in writing in a timely manner will not be considered.  All objections or other correspondence must state the name and number of the case, which is *Pedro Acero, et al. v. State Compensation Insurance Fund,* United States District Court, Northern District of California, Case No. 4:14-cv-04928-YGR.

9.    The Court approves the parties' designation of Legal Services of Northern California ("LSNC") as cy pres beneficiary.

10.     The Court orders that the Final Approval Hearing shall be held before the undersigned on _____ at _____ in Courtroom 1 of the above-entitled court, located at 1301 Clay Street, 4th Floor, Oakland, California 94612, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorney's fees and costs, the named Plaintiff/Class Representative's enhancement, and administration costs.

11.     The Court orders that any party to this case, including any Class Member, in person or by counsel, may be heard, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed settlement, the requested attorney's fees and costs, the requested named Plaintiff's enhancement, requested administration costs, and any order of final approval and Judgment regarding such settlement, fees, costs and enhancements; provided, however, that no person, except Class Counsel and counsel for Defendant, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice to the Class.

12.     The Court orders that all briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule:  All briefs and materials in support of an order of final approval shall be filed with this Court no later than 35 days before the Final Approval Hearing, except that the motion for attorney's fees and costs shall be filed no later than forty (40) days after the entry of this order, and noticed for the date of the Final Approval hearing.  Any objections to the settlement shall be filed and served in accordance with this Order and the Settlement Agreement.  Any opposition to the motion for attorney's fees and costs shall be filed and served no later than sixty (60) days following the initial mailing of the Class Notice.   Response briefs, if any, including opposition to objections, shall be filed with this Court no later than 14 days before the Final Approval Hearing.

13.     The Court orders that the Settlement Class consists of the California Settlement Class and the FLSA Settlement Class.  The California Settlement Class shall be defined as and consist of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing

1   Representative, Broker Relationship Representative, Group Insurance Consultant, Employer
2   Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant,
3   Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing
4   Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant
5   by Defendant in California and who regularly performed officially assigned duties outside of State
6   Fund offices at any time during the California Settlement Period who do not properly and timely
7   opt out of the Action."  The FLSA Settlement Class shall be defined as and consist of "all persons
8   who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention
9   Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship
10  Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss
11  Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative,
12  Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship
13  Representative, or Senior Group Insurance Consultant by Defendant in California and who
14  regularly performed officially assigned duties outside of State Fund offices at any time during the
15  the FLSA Settlement Period who submit a valid Claim Form consenting to join the FLSA Class."
16  Settlement Class Member means any person who is included in the California Settlement and/or
17  FLSA Settlement Classes.

18      14.    The Court orders that upon final approval, assuming no objections, or upon
19  dismissal or resolution of objections, all FLSA Settlement Class Members and their successors
20  shall conclusively be deemed to have given full releases of their Released Federal Law Claims (as
21  defined in the Settlement Agreement), all California Settlement Class Members and their
22  successors shall conclusively be deemed to have given full releases of their Released State Law
23  Claims (as defined in the Settlement Agreement), and all Settlement Class Members and their
24  successors, shall be permanently enjoined and forever barred from asserting any Released Claims
25  as described by the Settlement Agreement.

26      15.    The Court orders that if for any reason the Court does not execute and file an order
27  of final approval and judgment, or if such a final approval order is reversed, the Settlement
28  Agreement and the proposed settlement which is the subject of this Order and all evidence and

1  proceedings had in connection therewith, and the provisional certification of the class, shall be

2  without prejudice to the status quo ante rights of the Parties to the case as more specifically set

3  forth in the Settlement Agreement.

4        16.    The Court orders that the Settlement Agreement shall not be construed as an

5  admission or evidence of either liability or the appropriateness of class certification in the non-

6  settlement context, as set forth in the Settlement Agreement.

7        17.    The Court orders that, pending further order of this Court, all proceedings in this

8  matter except those contemplated herein and in the Settlement Agreement are stayed.

9        18.    The Court orders that Class Counsel submit a proposed Judgment in connection with

10  the Motion for Final Approval of Class Action Settlement as set forth in the Settlement Agreement.

11        19.    The Court expressly reserves the right to adjourn or continue the Final Approval

12  Hearing from time to time without further notice to the Class Members.

13  **IT IS SO ORDERED**.

14  Dated: _____

15                                                   _____
                                           HONORABLE YVONNE GONZALEZ ROGERS

16                                             U.S. DISTRICT JUDGE

Approved as to form:

17  DATED: September 8, 2015                 MEDINA MCKELVEY LLP

18

19                                           By:   /s/ Brandon R. McKelvey

20                                               Brandon R. McKelvey
                                           Attorneys for Defendant

21                                             STATE COMPENSATION INSURANCE
                                         FUND

22  DATED: September 8, 2015                 SEYFARTH SHAW LLP

23

24                                           By:   /s/ Julie G. Yap
                                         Mark P. Grajski

25                                           Julie G. Yap
                                         Attorneys for Defendant

26                                           STATE COMPENSATION INSURANCE
                                         FUND

27

28