**SOHNEN LAW OFFICES**
**HARVEY SOHNEN, SBN 62850**
2 Theatre Square, Suite 230
Orinda, CA 94563-3346
Telephone: (925)258-9300
Facsimile: (925) 258-9315

Attorneys for Plaintiff **PEDRO ACERO**,
individually, and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO ACERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE COMPENSATION INSURANCE FUND,<br><br>Defendant. | Case No.: 4:14-CV-04928-YGR<br><br>**~~[PROPOSED]~~ ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br><br>***AS MODIFIED BY THE COURT***<br><br>Judge: Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor<br>Date: June 14, 2016<br>Time: 2:00 p.m.<br><br>Action Filed: November 5, 2014 |

This matter came on for hearing before the Court on June 14, 2016, at 2:00 p.m., in Courtroom 1, of the United States District Court, Northern District of California, before the Honorable Yvonne Gonzalez Rogers, pursuant to Plaintiff's noticed Motion for Final Approval of Class Action Settlement and Motion for Award of Attorney's Fees and Costs. Appearances were noted in the record.

The Court having reviewed the materials submitted by the parties, a hearing held June 14, 2016, and for the reasons stated on the record as well as those discussed below, the Court finds and orders as follows:

The Court, having considered the documents filed by the parties in connection with the class action settlement, the arguments of counsel, the Motion for Final Approval of Class Action

Settlement, filed May 10, 2016 (Dkt. No. 60); the Motion for Award of Attorney's Fees and Costs, filed December 16, 2015 (Dkt No. 54); the Memorandum of Understanding Regarding Class Action Settlement Agreement and Release, attached as Exhibits 1-3 to the Declaration of Harvey Sohnen in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed August 27, 2015 (Dkt. No. 39), as amended by the Amendment to Memorandum of Understanding Regarding Class Action Settlement Agreement and Release, attached as Exhibit 2 to the Declaration of Harvey Sohnen in Support of Plaintiff's Motion for Award of Attorney's Fees and Costs, filed December 16, 2015 (Dkt. No. 54-1, together the "Settlement Agreement")); the Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement, and Memorandum in Support thereof filed August 27, 2015 (Dkt. No. 38); this Court's Order Granting Preliminary Approval of Class Action Settlement filed November 10, 2015 (Dkt. No. 53); Statement of Non-Opposition re Motion for Award of Attorney's Fees and Costs filed by State Compensation Insurance Fund, filed December 30, 2015 (Dkt. No. 55); Supplemental Memorandum of Points and Authorities in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs, filed May 10, 2016 (Dkt. No. 58); Supplemental Declaration of Harvey Sohnen in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs, filed May 10, 2016 (Dkt. No. 59); Declaration of Kelly Kratz Regarding Notice and Settlement Administration Activities Completed as of May 2, 2016, filed May 10, 2016 (Dkt. No. 62); Statement of Non-Opposition to Motion for Final Approval of Class Action Settlement filed by State Compensation Insurance Fund, filed May 18, 2016 (Dkt. No. 63); the Stipulation Regarding Opt-in Claim Forms In Support of Plaintiff's Motion for Final Approval of Class Action Settlement, filed May 24, 2016 (Dkt. No. 64); and all pleadings and papers in the record, hereby grants final approval of the Settlement and grants the Motion for Award of Attorney's Fees and Costs and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all claims

raised in this action and released in the Settlement Agreement, and personal jurisdiction over State Compensation Insurance Fund and all Settlement Class Members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331.

3. Pursuant to this Court's Order filed November 10, 2015 (Dkt. No. 53), the Notice of Pendency of Class and Collective Action and Proposed Settlement and Claim Form (collectively "Notice Packet") were mailed by first-class mail on December 30, 2015, to 204 Class Members. Any Notice Packets that were initially returned undeliverable were re-mailed to new addresses determined after investigation, and ultimately only 1 Notice Packet remained undeliverable due to an inability to find a correct address. The Notice Packet advised the Class Members of the pertinent terms of the proposed settlement, namely, the claims to be resolved by way of the settlement, the Total Settlement Amount, the preliminary estimate of each Settlement Class Member's distribution and the basis upon which the Class Member's share was calculated, the proposed class representative service award and the proposed deduction for attorney's fees, litigation costs, and administration fees. It further informed the Class Members of the manner in which to challenge their work history stated on the Claim Form, request exclusion, or to object to the settlement and the deadlines for each, and their right to appear in person or by counsel at the final approval hearing. Adequate periods of time were provided for each of these procedures as set forth in the Settlement Agreement approved by this Court.

4. As a part of the notice process, only one member of the Class sought to be excluded from the California Settlement Class, and accordingly the California Settlement Class consists of 203 persons. There were 150 Class Members who consented to join the FLSA Settlement Class, either by filing a consent form or by submitting an opt-in Claim Form. As such, approximately 74% of the 203 California Settlement Class members have joined the FLSA Settlement Class. No Class Member has submitted a written objection. Furthermore, no member of the Class has appeared at the final approval hearing to object.

5. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides a basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds

and determines that the notice provided in this case was the best notice practicable and satisfied the requirements of law and due process.

6. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each Settlement Class Member, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. In addition to the reasons set forth in the Court's statements set forth in the Preliminary Approval Order, the facts that no Class Member objected and that only one Class Member requested exclusion further support the Court's finding that the Settlement is fair, reasonable, and adequate.

7. The Court finds and determines that the Settlement payments to be paid to the participating Settlement Class Members as provided for by the Settlement Agreement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the participating Settlement Class Members in accordance with the terms of the Settlement Agreement.

8. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to the participating Settlement Class Members in accordance with the Settlement Agreement.

9. The Parties are hereby ordered to comply with and carry out the terms of the Settlement Agreement.

10. Solely for purposes of effectuating this Settlement, this Court certifies a "California Settlement Class" of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in California and who regularly performed officially assigned duties outside of State Fund offices at any time during the period on or after November 5, 2010 through November 10,

2015, and who has not validly opted-out." This class was provisionally certified in the Order Granting Preliminary Approval of Class Action Settlement, filed November 10, 2015 (Dkt. No. 53).

11. At his request, one individual has opted out of the California Settlement Class as identified in the Declaration of Kelly Kratz Regarding Notice and Settlement Administration Activities Completed as of May 2, 2016, filed May 10, 2016 (Dkt. No. 62).

12. The Court further certifies, solely for purposes of effectuating this Settlement, an "FLSA Settlement Class" of "all persons who worked, full-time, as a Loss Control Representative, Loss Control Consultant, Loss Prevention Representative, Loss Prevention Consultant, Marketing Representative, Broker Relationship Representative, Group Insurance Consultant, Employer Service Representative, Senior Loss Control Representative, Senior Loss Control Consultant, Senior Loss Prevention Representative, Senior Loss Prevention Consultant, Senior Marketing Representative, Senior Broker Relationship Representative, or Senior Group Insurance Consultant by Defendant in California and who regularly performed officially assigned duties outside of State Fund offices at any time during the period on or after November 5, 2011 through November 10, 2015, who opted in by filing either consent forms with the Court or sending opt-in Claim Forms to the Settlement Administrator." This class was provisionally certified in the Order Granting Preliminary Approval of Class Action Settlement, filed November 10, 2015 (Dkt. No.53). The FLSA Settlement Class consists of 150 individuals listed in Exhibit 1 to the Stipulation Regarding Opt-in Claim Forms In Support of Plaintiff's Motion for Final Approval of Class Action Settlement, filed May 24, 2016 (Dkt. No. 64). The submitted Claim Forms and Consent Forms have been filed with this court consistent with 28 U.S.C. 216(b). The Claim Forms are attached as Exhibit 2 to said Stipulation. The Consent Forms were previously filed November 5, 2014 (Dkt. No. 4) and December 31, 2014 (Dkt. No. 15).

13. The "Settlement Class" consists of the California and FLSA Settlement Classes.

14. With respect to the Settlement Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions

of law or fact common to the Settlement Class which predominate over any individual issues; (c) the claims of Class Representative Pedro Acero are typical of the claims of the members of the Class; (d) the Class Representative has fairly and adequately protected the interests of the members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative, *i.e.*, Class Counsel, is qualified to serve as counsel for Plaintiff in his individual and representative capacities and for the Settlement Class. The Court's findings are based on Plaintiff's motions for preliminary approval and final approval, and on the fact that Defendant has not opposed class certification for the limited purpose of class action settlement. The Court further recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes.

15. Every person in the California Settlement Class, except the individual who opted out, is a California Settlement Class Member and shall be bound by the Settlement Agreement and be deemed to release and forever discharge all Released State Law Claims, as set forth in the Settlement Agreement.

16. Every person in the FLSA Settlement Class who filed a consent form with the Court or sent an opt-in claim form to the Settlement Administrator is an FLSA Settlement Class Member and shall be bound by the Settlement Agreement and be deemed to release and forever discharge all Released Federal Law Claims, as set forth in the Settlement Agreement. The list of 150 individuals who have opted into the FLSA Settlement Class is Exhibit 1 to the Stipulation Regarding Opt-in Claim Forms In Support of Plaintiff's Motion for Final Approval of Class Action Settlement, filed May 24, 2016 (Dkt. No. 64).

17. The Court approves a payment to the Class Representative in the amount of $7,500 to Pedro Acero, as an enhancement for the initiation and pursuit of this action, work performed, and risks undertaken, as more fully set forth in the moving papers and the Declaration of Pedro Acero in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, filed August 27, 2015 (Dkt. No. 40). This amount is separate and apart from any other recovery to which he might be entitled to under other provisions of the Settlement Agreement.

18. The Court finds that notice of the requested award of attorney's fees and costs was directed to Class Members in a reasonable manner and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure. Class Members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no Class Member has objected to the requested fees or expenses.

19. Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Settlement Class, is entitled to a fee and accordingly, the Court approves the application of Class Counsel, Sohnen Law Offices, for attorney's fees in the total amount of $162,500, which is 25 percent of the gross settlement fund, and litigation expenses in the total amount of $11,614. This award of 25 percent of the common fund is within the range of attorney's fee awards in similar wage-and-hour class actions and is warranted in this case due to the high level of risk involved and the exceptional skill and diligence required to litigate and resolve the difficult claims at issue. The propriety of awarding twenty five percent of the common fund in this case is confirmed by the lodestar cross check: Based on the time expended and rates charged, which the Court specifically finds to be reasonable, Class Counsel's lodestar actually exceeds the common fund award.

20. The Court further approves and directs Dahl Administration, LLC, the appointed Settlement Administrator, to disburse to those persons and entities referenced below, in the manner set forth as follows:

A. Participating Settlement Class Members, by check, his/her individual Settlement Payment as calculated by the Settlement Administrator within twenty-five (25) days of the "Settlement Effective Date" as defined in paragraph 42 of the Settlement Agreement;

B. Class Representative Pedro Acero, the sum of $7,500, by check, in addition to any Settlement distribution to which he is entitled within fifteen (15) days of the Settlement Effective Date;

C. Sohnen Law Offices by wire transfer, the total amount of $162,500, for attorney's fees and $11,614 for litigation expenses within fifteen (15) days of the Settlement Effective Date; and,

D. Dahl Administration, LLC, the total amount of $7,284 for administration costs and expenses within fifteen (15) days of the Settlement Effective Date.

E. Second round Settlement share checks to all participating Settlement Class Members from the Settlement Fund who cashed first round checks within the ninety (90) day period, within forty-five (45) days of date of expiration of first round Settlement Class Member settlement checks.

F. Residual funds in the Settlement Fund to the *cy pres* beneficiary, Legal Services of Northern California, no later than thirty (30) days after the end of the ninety (90)-day period for cashing checks in the second round distribution.

21. The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the ultimate disbursal to the participating Settlement Class Members, payment of attorney's fees and expenses, the enhancement payment award to the Class Representative, payment to the Settlement Administrator, and other issues related to this Settlement.

22. The Court enters judgment and dismissal of the entire action with prejudice, as of the filing date of entry of this final order.

**IT IS SO ORDERED**.

Dated: June 15, 2016

YVONNE GONZALEZ ROGERS
U.S. DISTRICT COURT JUDGE